UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES STEWART (#111347)**                                      CIVIL ACTION

**VERSUS**

**HOWARD PRINCE, ET AL.**                                          NO. 10-0494-RET-CN

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, May 10, 2011.

                                            **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES STEWART (#111347)**                                    **CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE, ET AL.**                                         **NO. 10-0494-RET-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 19. This motion is opposed.

The pro se plaintiff, an inmate previously confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Shannon Lessard, Lt. Eugene Ferguson, Sgt. Brian McDavid and Sgt. Palermo, complaining that his constitutional rights were violated on March 1, 2009, when defendant Palermo refused the plaintiff's request to use a telephone and to see a social worker. As a result of this refusal, the plaintiff allegedly became suicidal, began to make a loud disturbance in his cell, and caused his toilet to overflow onto the tier. Instead of providing assistance, however, defendant McDavid placed the plaintiff in restraints, and defendant Ferguson subjected the plaintiff to excessive force through the use of irritant spray. In addition, the plaintiff complains that he was thereafter issued a false disciplinary report.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a copy of the plaintiff's administrative remedy proceedings (including a certified copy of the Input Screen related thereto), a certified copy of a Legal Callout Log for the date of July 6, 2009, and the affidavit of Rhonda Z. Weldon.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a

matter of law. Rule 56, Federal Rules of Civil Procedure. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. <u>Anderson</u>, <u>supra</u>.

In his Complaint, the plaintiff alleges that on March 1, 2009, he became upset when a planned visit with family members did not occur. Accordingly, he requested to use a telephone, but defendant Palermo refused. The plaintiff then became more upset and began to create a disturbance on the cell tier, yelling that he was feeling homicidal and suicidal and requesting to see a social worker and a higher ranking officer. When Sgt. Palermo continued to refuse the plaintiff's requests, the plaintiff stopped up his toilet and proceeded to flood his cell and the cell tier. In response, defendant McDavid came down the tier, placed the plaintiff in restraints, and removed the plaintiff's cellmate from the cell. Shortly thereafter, defendant Ferguson came down the tier and proceeded to spray an irritant chemical into the plaintiff's cell. Later, when the plaintiff was removed from his cell and questioned by security officials regarding the incident, he was issued a disciplinary report by defendant Ferguson.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are time-barred. This assertion appears to have merit.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980). In excessive force cases, a § 1983 cause of action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. See Singleton v. Crawford, 2009 WL 2762622 (W.D. La., Aug. 31, 2009), citing Helton v. Clements, 832 F.2d 332 (5th Cir. 1987).

In the instant case, the plaintiff knew of or should have known of the basis for his claim relative to the defendants' alleged use of excessive force on March 1, 2009, at such time as the force was allegedly employed. The mere fact that he may not have known the extent of the injuries allegedly resulting from such use of force is not determinative. See Simms v. Harris, 2009 WL 1607906 (E.D. La., June 2, 2009) (holding that the plaintiff knew on the date of the alleged excessive force "of the existence of his injuries and the connection between those injuries and the actions of [the] defendant"); Darby v. Dallas County Sheriff, 2007 WL 2241751 (N.D. Tex., Aug. 3, 2007) ("While plaintiff may have been unaware of the full extent of his injury on July 4, 2004, that is the date he was aware of an injury and the date the limitations period began to accrue"). Ordinarily, therefore, any claim that the plaintiff had against these defendants would have prescribed by March 1, 2010, the one-year

anniversary of the incident complained of.  Inasmuch as the plaintiff did not file his federal Complaint until July 24, 2010, it appears that his claim is time-barred.[1]

Notwithstanding the foregoing, the plaintiff contends that he filed an administrative grievance against prison officials relative to his claim of excessive force, and that in computing the applicable limitations period, this Court is obligated to take into account the time during which the plaintiff's administrative grievance procedure was pending within the prison system.  See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999) (holding that the pendency of a properly-filed administrative grievance procedure will act to toll the running of the one-year limitations period for a prisoner's claim).  In addition, the plaintiff contends that he mailed an initial copy of his Complaint to this Court on June 3, 2010, but the Complaint was returned to him because of an incorrect address provided on the Court's Complaint form.  He asserts that, accordingly, his Complaint should be deemed filed on that earlier date.  The Court concludes, however, as discussed below, that the plaintiff's arguments are ultimately unavailing.

After the incident of alleged excessive force on March 1, 2009, the plaintiff apparently submitted, on March 6, 2009, an administrative grievance to prison officials, complaining of the defendants' alleged wrongful conduct.  Accordingly, inasmuch as the filing of his administrative grievance interrupted the running of the prescriptive

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995)), an inmate's Complaint is deemed filed when he places it in the prison's mailing system, not on the date that it is received by the Court.  Accordingly, inasmuch as the plaintiff's Complaint in this case was apparently signed on July 24, 2010, the Court will utilize that date as the plaintiff's date of filing.

period, See Harris v. Hegmann, supra, only 5 days of the one-year period elapsed before the filing of his administrative grievance. However, when the plaintiff's administrative grievance procedure was thereafter concluded, upon his receipt of the final second-step response to this grievance on July 6, 2009, he then waited an additional 383 days, or until July 24, 2010, to sign and submit his federal Complaint to this Court. Accordingly, it appears that more than one year, or 388 days, elapsed before he filed his federal Complaint. His claim, therefore, is time-barred.[2]

Notwithstanding the foregoing, the plaintiff asserts that his Complaint should be deemed timely filed on June 3, 2010, because on that date, he allegedly made an initial attempt to mail his Complaint to prison officials, but the Complaint was returned to him because of an incorrect address provided on the Complaint form. He asserts that upon receipt of

---

[2] As a separate attachment to his original Complaint, the plaintiff included a second "Complaint" wherein Governor Bobby Jindal and Secretary James LeBlanc are named as defendants. Although these "defendants" were not served and so have not participated in the instant motion, this Court is authorized, pursuant to 28 U.S.C. § 1915(e), to dismiss an action or claim brought in forma pauperis if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). A claim is subject to dismissal under this statute if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). Applying this standard to the plaintiff's claims asserted against Governor Jindal and Secretary LeBlanc in the instant case, assuming that these persons have been properly named as defendants herein, these claims are subject to dismissal for the same reason as are the claims asserted against the moving defendants. In addition, the plaintiff has failed to alleged that either Governor Jindal or Secretary LeBlanc had any direct or personal participation in the events alleged, and such personal involvement is a prerequisite to any finding of liability under § 1983. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). It would be a vain and useless undertaking by the Court to serve Governor Jindal and Secretary LeBlanc, only to have these defendants subsequently dismissed because the plaintiff's claims are time-barred. Accordingly, the plaintiff's claims asserted against Governor Jindal and Secretary LeBlanc should be dismissed as legally without merit pursuant to 28 U.S.C. § 1915(e).

the returned Complaint, he immediately, on the same day, resubmitted the Complaint to the Court by mailing it to the correct address. Accordingly, he argues that the earlier date should be deemed the correct, and timely, date of filing of his Complaint.

The plaintiff's argument is unavailing. It appears from a review of this Court's records that the plaintiff filed an earlier lawsuit in this Court, complaining therein of an entirely separate incident of alleged excessive force. See Charles Stewart v. Howard Prince, et al., Civil Action No. 10-0477-RET-CN (M.D. La.). In that case, when an exception of prescription was raised, the plaintiff made the exact same argument which he puts forth here, even including the same pertinent dates, i.e., that he mailed an initial copy of his Complaint to this Court on June 3, 2010, that it was returned to him because of an incorrect address, and that he resubmitted his Complaint by signing and returning it upon receipt of the returned pleading. As evidentiary support for this assertion in both cases, the plaintiff submitted a copy of the same Inmate Request for Legal/Indigent Mail form, dated June 3, 2010 (see attachment to rec.doc.no. 1 in Civil Action No. 10-0477-RET-CN and attachment to rec.doc.no. 2 in the instant proceeding), and in the former lawsuit, he also submitted an Offender Funds Withdrawal Request, dated June 1, 2010, which reflects that he sought on that date to copy an 11-page "1983 Civil Action" which he was planning to file with this Court. The plaintiff cannot credibly claim, however, that the same facts apply to both lawsuits, and the Court believes that, having sought to avail himself of these facts and these documents in the earlier lawsuit, he should be estopped from doing so in this proceeding. Further, to the extent that he might attempt to assert that he mailed the Complaints in both cases together in the same envelope, and can therefore justify his use of the

same argument and exhibits in both cases, this contention is belied by the above-referenced Offender Funds Withdrawal Request, which made reference to only an 11-page document. Each of the Complaint forms in these two referenced cases are of this same approximate length, and the Court, therefore, does not believe that the plaintiff, if he was mailing both Complaints together, only sought to obtain a copy of one of them. For this reason, the Court does not accept the plaintiff's argument relative to the earlier mailing of his Complaint in this case, and accordingly, the plaintiff's Complaint should be dismissed as time-barred, having been filed more than one year after the occurrence of the events complained of therein.

RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 19, be granted, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, May 10, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**